Dear Mr. Barnes:
As attorney for the City of Zachary and at the request of the City Council, you have requested an opinion of this office as to the applicability of La. R.S. 48:701 and 702 to the change in location of a street within the City of Zachary.
You state that the street in question was previously dedicated in connection with a proposed subdivision project, but that the street was never actually constructed. The owner of the land now proposes to develop the property with the dedication of a new street at another location. Both the previously dedicated street and the newly proposed street serve the same area, and permit access to and from a public highway on the west side of the subdivision project. Finally, it is noted that the previously dedicated, but unused street, is adjacent to property that is not owned by the individual whose land is the subject of the subdivision project.
You indicate that the council wishes to do an exchange of the area included within the previously dedicated street for the area which will contain the street under the new subdivision project in accordance with La. R.S. 48:702.
You further advised that the landowners whose property is adjacent to the old dedicated, but unused street, contend that this area should revert to them up to the center line of the previously dedicated street in accordance with La. R.S. 48:701.
We are of the opinion that La. R.S. 48:702 is of limited application and provides only for exchange of existing roads where a parish or municipal governing authority wishes to construct a new street leading to any property of either the State or any of its political subdivisions, which then renders it unnecessary to continue an existing street to permit access to and from the public property or to and from any property served by the old street. While it is clear from the facts you have presented, that both the previously dedicated street and the newly proposed street serve the same area and permit access to or from a public highway, it is equally clear that the City of Zachary is not undertaking a construction project to gain access from this area to the public highway. It is our opinion that R.S. 48:702 is applicable only to those situations where a parish or municipal governing authority undertakes a construction project to permit access to and from public property, which thereby renders it unnecessary to continue an existing street to or from that public property or any other property served thereby.
We are of the opinion that this particular situation is covered by La. R.S. 48:701, which mandates that upon revocation of a street the area of the former road bed reverts to the contiguous landowners up to the center line. We realize that this conclusion is not particularly fair in this situation where a subdivision developer, for reasons over which he may have no control, must redesign the layout of the subdivision project under the penalty of loosing one-half of the road bed of previously dedicated streets to adjacent landowners. However, it is submitted that any correction of a situation such as you have presented in this request is more appropriately the subject matter of additional legislation.
We hope that this has adequately addressed your request; and if we can be of any further service to you in this matter, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ ROBERT H. CARPENTER, JR. ASSISTANT ATTORNEY GENERAL
RHC/tp